UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE DUPUIS,
FRANK CARRA,
          Plaintiffs,

-vs-                                    Case No. 6:06-cv-1360-Orl-18KRS

VANGUARD CAR RENTAL USA, INC.,
d/b/a Alamo Rent-A-Car,
          Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant Vanguard Car Rental USA, Inc.'s Motion for Summary Judgment (Doc. 27, filed June 29, 2007), to which Plaintiffs Jeanette Dupuis and Frank Carra responded in opposition. (Doc. 31, filed July 30, 2007.) Plaintiffs Jeanette Dupuis and Frank Carra ("Plaintiffs") bring this action against Defendant Vanguard Car Rental USA, Inc. ("Defendant") to recover tort damages. After reviewing the motions and memoranda provided by each party, the Court grants Defendant's motion.

### I. BACKGROUND

Defendant is a corporation that rents automobiles on a short-term basis (for a period of less than one year). On December 8, 2005, Defendant entered into a rental agreement with Michelle H. Ross. Ross took possession of a 2006 Pontiac G6 under the rental agreement as a short-term lessee. Later that same day, Ross was involved in a two-car collision with a vehicle driven by Plaintiff Jeanette Dupuis. There is no dispute that Dupuis suffered injuries as a result of the collision. Plaintiffs further allege that Carra. Dupuis's husband, suffered from loss of

consortium of his spouse. Plaintiffs do not allege that any act of negligence or criminal wrongdoing by the Defendant contributed to the collision. Plaintiffs initiated this action to recover damages from Defendant, as owner and lessor of the vehicle driven by Ross. (Doc. 2, filed September 8, 2006.)

## II. DISCUSSION

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof,

however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

This controversy is appropriate for summary judgment, as no issue exists as to any material fact. The parties raise two issues to be decided as matters of law: first, whether the Graves Amendment preempts Florida's strict vicarious liability scheme for lessors of motor vehicles and second, whether such preemption is a constitutional exercise of congressional power. (Doc. 27 at 2; Doc. 31 at 3-4.)

*B. Florida's Strict Vicarious Liability Scheme*

Florida's strict vicarious liability for motor vehicle owners emerged from the dangerous instrumentality doctrine. S. Cotton Oil Co. v. Anderson, 86 So. 629, 631 (Fla. 1920). "Among the principles of the common law . . . are those that require the exercise of due care in the use on the public highways of instrumentalities that are peculiarly dangerous . . . and impose upon the owner of such an instrumentality liability . . . for injuries . . . proximately caused by the negligent use of the instrumentality . . . by anyone who has the authority or permission of the owner to use or operate it." Id. at 636 (Whitfield, J. concurring). Lessors, as owners of the vehicle, were not able to avoid application of this doctrine through lease agreements. Susco Car Rental Sys. of Fla. v. Leonard, 112 So. 2d 832, 836 (Fla. 1959). Thus, a lessor was subject to

strict vicarious liability for the negligence of its lessee and other permissive users. Hertz Corp. v. Jackson, 617 So. 2d 1051, 1053 (Fla. 1993). However, the Florida Legislature set specific limits on the liability of lessors in Fla. Stat. § 324.021(9)(b)(2). Caps of $350,000 and $500,000 (depending on the insurance carried by the driver and lessor) protect the innocent lessor from the negligence of a short-term lessee. Id.

### C. *The Graves Amendment*

On August 10, 2005, the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"), Pub. L. No. 109-59, 119 Stat. 1144 (2005), was signed into law. Among the provisions of SAFETEA-LU is a section dealing with rented or leased motor vehicle safety and responsibility, codified as 49 U.S.C. § 30106 (2006) ("the Graves Amendment"). The Graves Amendment provides:

> **(a) In general.**--An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-
>
> **(1)** the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> **(2)** there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

Id.

There is no dispute that Defendant is engaged in the business of renting motor vehicles. (Doc. 27 at 1; Doc. 31 at 11.) Plaintiff does not allege that Defendant committed any act of negligence or criminal wrongdoing. (See Doc. 2.) The Graves Amendment

expressly preempts any state law holding vehicle owners liable for the negligence of drivers during a short-term lease of the vehicle, provided that the owner is engaged in the business of leasing vehicles and has not committed any wrong. However, § 30106(b) provides two exceptions for "financial responsibility laws." The first applies to state laws that "impos[e] financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle." 49 U.S.C. § 30106(b)(1). The second applies to state laws "imposing liability [on lessors] for failure to meet the financial responsibility or liability insurance requirements." 49 U.S.C. § 30106(b)(2). These exceptions preserve state requirements for liability insurance or other forms of financial accountability prior to vehicle licensing or registration (in the first subsection) and allow enforcement of those requirements specifically against "those engaged in the trade or business of renting or leasing motor vehicles" (in the second subsection). Id.

### D. Preemption of Florida's Vicarious Liability Scheme

In determining how the Graves Amendment should be given effect in Florida, "[i]t is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms." Caminetti v. United States, 242 U.S. 470, 485 (1917). Plaintiffs have sought to introduce ambiguity into the Graves Amendment by offering a reading of 49 U.S.C. §

30106(b)(2) that would preserve state laws that impose post-accident liability for lessors.[1] (Doc. 31 at 10.) Such a broad reading would allow the exception to swallow the rule. "In construing provisions . . . in which a general statement of policy is qualified by an exception, we usually read the exception narrowly in order to preserve the primary operation of the provision." Comm'r v. Clark, 489 U.S. 726, 739 (1989). See also A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945) ("To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretive process and to frustrate the announced will of the people.")

As the meaning of 49 U.S.C. § 30106 is clear from the statute's language, no further interpretation is required or even allowable. The Graves Amendment is a clear expression of congressional intent to preempt Florida's dangerous instrumentality doctrine as applied to short-term motor vehicle lessors. Accord Garcia v. Vanguard Car Rental USA, Inc., No. 5:06-cv-220-Oc-10GRJ, 2007 WL 686625, at *9 (M.D. Fla. Mar. 5, 2007). The liability caps set forth in Fla. Stat. § 324.021(9)(b)(2) do not fall within any exception to the Graves Amendment, nor do they provide a separate right of action. As Defendant states in its motion: "being required to have a certain amount of insurance, or of providing proof of being able to respond to a certain amount of damages, does not equate to being vicariously liable for negligence of a lessee." (Doc. 27

---

[1] Plaintiffs assert that subsection (b)(2) preserves the duty of lessors to respond in damages post-accident. (Doc. 31 at 10.) Plaintiffs cite Fla. Stat. § 324.021(9)(b)(2) as the source of this duty. (Id. at 17.) As discussed previously, Fla. Stat. § 324.021(9)(b)(2) does not create any new duty, but rather limits the application of the common law dangerous instrumentality doctrine upon lessors of motor vehicles.

at 9.) Thus, the Graves Amendment preempts Fla. Stat. § 324.021(9)(b)(2), and Defendant cannot be vicariously liable based solely on its ownership of the vehicle.

*E. Constitutionality of the Graves Amendment*

*1. The Avoidance Canon*

Plaintiffs urge application of the "avoidance canon" of statutory construction, stating "to the extent that the Graves Amendment is susceptible to two interpretations, one which would preserve Fla. Stat. § 324.021(9)(b)(2), and one which would preempt it and require the Court to address the constitutionality of the Act, this Court has a duty to adopt the former in order to avoid the constitutional question that follows." (Doc. 31 at 19-20) (citing United States *ex rel.* Att'y Gen. v. Delaware & Hudson Co., 213 U.S. 366, 408 (1909)). Such a statement misrepresents the canon of constitutional avoidance. Delaware & Hudson Co. requires an interpretation to raise "grave and doubtful constitutional questions" before the Court has a duty to avoid determination. Id. at 408. The instant case presents no "grave and doubtful" constitutional questions, therefore there is no duty to avoid determination.

*2. Application of the Commerce Clause to the Graves Amendment*

Plaintiffs have asserted that the Graves Amendment is an invalid exercise of congressional Commerce Clause authority. (Doc. 31 at 4.) The Commerce Clause states: "[t]he Congress shall have the power to . . . regulate commerce . . . among the several states . . . ." U.S. Const. art. I, § 8. Under its Commerce Clause authority, Congress may regulate three categories of economic activity: (1) the channels of interstate commerce; (2) the

instrumentalities of interstate commerce; and (3) intrastate activities that substantially affect interstate commerce. United States v. Lopez, 514 U.S. 549, 558-59 (1995).

In order to be constitutional, the Graves Amendment must be an economic regulation that falls within one of the three categories. Plaintiffs have characterized the regulated activity as non-economic "state-imposed liability for harm." (Doc. 31 at 27.) While the Graves Amendment may affect a state's ability to impose liability, it regulates the conditions under which motor vehicle lessors operate. Accord Seymour v. Penske Truck Leasing Co., No. 407CV015, 2007 WL 2212609, at *2 (S.D. Ga. July 30, 2007) (holding that "49 U.S.C. § 30106 . . . regulates commercial transactions"). As such, the Graves Amendment is an economic regulation.

An economic regulation must also fall within one of the three Lopez categories. Automobiles are generally considered to be instrumentalities of interstate commerce. See United States v. Ballinger, 395 F.3d 1218, 1226 (11th Cir. 2005) ("Instrumentalities of interstate commerce . . . are the people and things themselves moving in commerce, including automobiles, airplanes, boats, and shipments of goods."); United States v. Bishop, 66 F.3d 569, 588 (3d. Cir. 1995) (stating that "motor vehicles are 'the quintessential instrumentalities of modern interstate commerce'"). Leased motor vehicles, as a subset, seem to have a closer nexus to interstate commerce than motor vehicles, generally. For example, Florida's strict vicarious liability scheme has been applied both to incidents that took place out of state, when the rental originated in Florida, and to incidents that took place in Florida, when the rental originated in

another state. <u>Wal-Mart Stores, Inc. v. Budget Rent-A-Car Sys.</u>, 567 So. 2d 918 (Fla. 1st DCA 1990); <u>Sierra v. A Betterway Rent-A-Car, Inc.</u>, 863 So. 2d 358 (Fla. 3d DCA 2003).

As instrumentalities, leased motor vehicles are an appropriate subject for congressional regulation, and 49 U.S.C. § 30106 is a valid and constitutional exercise of congressional authority. <u>Seymour</u>, 2007 WL 2212609, at *2 ("49 U.S.C. § 30106 is a valid exercise of Congress's power to regulate instrumentalities of interstate commerce and things in interstate commerce."); <u>Garcia</u>, 2007 WL 686625, at *10 ("[I]t is clear that by preempting Florida's dangerous instrumentality doctrine, Congress is regulating an instrumentality of commerce."). Thus, Graves Amendment preemption of Florida's strict vicarious liability scheme is valid under the Constitution.

Accordingly, Defendant is entitled to summary judgment.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. The Clerk of the Court is directed to **ENTER JUDGMENT** on behalf of Defendant and **CLOSE THE CASE**

**DONE** and **ORDERED** in Orlando, Florida on this _20_ day of September, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties