# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEANETTE DUPUIS,**
**FRANK CARRA,**

**Plaintiffs,**

**-vs-**                                         **Case No.  6:06-cv-1360-Orl-18KRS**

**VANGUARD CAR RENTAL USA, INC.,**
**d/b/a Alamo Rent-A-Car,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION . . .  OBJECTING TO DEFENDANT'S REQUESTED COSTS (Doc. No. 37)** |
| **FILED:** | **October 16, 2007** |

## I.    PROCEDURAL HISTORY.

Plaintiffs Jeanette Dupuis and her husband Frank Carra (collectively "Plaintiffs") commenced their action by filing a complaint in state court.  Plaintiffs alleged that defendant Vanguard Car Rental USA, Inc. d/b/a Alamo Rent-a-Car ("Alamo") leased a motor vehicle to Michelle H. Ross.  Doc. No. 2 at 2.  Ross allegedly operated the vehicle in a negligent manner and collided with a vehicle occupied by Dupuis, causing injury to Dupuis.  *Id.*  Alamo removed the case to this on Court on the basis of diversity jurisdiction.  Doc. No. 1 at 2.

The Court entered a Case Management and Scheduling Order on November 27, 2006.  Doc. 14.  Among other things, the scheduling order established a discovery deadline of August 31, 2007,

a dispositive motion deadline of September 28, 2007, and a deadline of October 10, 2007 for the parties to meet to prepare their Joint Final Pretrial Statement. *Id.*

On June 29, 2007, Alamo moved for summary judgment. Doc. No. 27. Alamo argued that it could not be held strictly liable for the negligent acts of its lessee pursuant to federal law, 48 U.S.C. § 30106. *Id.* at 2. The facts presented in support of the motion were limited to the date the lessee took possession of Alamo's vehicle, the date and location of the accident resulting in Dupuis's injuries, and that Alamo was not actively negligent and had engaged in no criminal wrongdoing. *Id.* at 1-2. Plaintiffs did not dispute the facts and their response was strictly limited to legal arguments. Doc. No. 31.

During the time that the summary judgment motion was pending before the Court, Alamo requested that Dupuis submit to a physical examination by their expert, Dr. Lawrence Stephen Halperin, M.D. Doc. No. 37-2. The examination was scheduled for August 27, 2007. *Id.*

On September 24, 2007, the Court granted Alamo's motion for summary judgment, doc. no. 33, and the Clerk entered judgment on September 30, 2007, doc. no. 34. Alamo filed its Proposed Bill of Costs on October 15, 2007. Doc. No. 36.

## II.  APPLICABLE LAW.

Alamo seeks to recover from Plaintiffs the costs it incurred in defending this action. Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"  The Supreme Court has held that 28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless

authorized by another applicable statute.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2001)(citing *Crawford*, 482 U.S. at 445).  The Court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

The following are allowable as costs under § 1920:

(1)     Fees of the clerk and the marshal;

(2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)     Docket fees under 28 U.S.C. § 1923; and

(6)     Compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services.

**III.     ANALYSIS.**

A.     <u>Timeliness of the Bill of Costs.</u>

Plaintiffs argue that the Court should deny Alamo's entire request for costs because it failed to file its bill of costs within the time specified by Local Rule 4.18.  Local Rule 4.18 requires that "all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment."

Judgment in this case was entered on September 30, 2007.  Doc. No. 34.  Alamo's deadline, therefore, fell on Sunday, October 14, 2007.  Pursuant to Federal Rule of Civil Procedure 6(a), when

the last day of the filing period falls on a Saturday, Sunday, or legal holiday, the time period "runs until the end of the next day which is not one of the aforementioned days."  Accordingly, Alamo's filing of its bill of costs on the next business day, October 15, 2007, was timely.

      B.     Plaintiffs' Objections to Specific Costs.

           1.     Dr. Halperin's Fee.

Alamo listed Dr. Halperin's fee of $1,885.00 under the category of compensation of court-appointed experts.  Doc. 36 at 1.  Plaintiffs object that Dr. Halperin was not appointed by the Court and that are his fees are not recoverable under § 1920.  Alamo argues that expert fees can be awarded in a diversity case if permitted by state law, relying on *People of Sioux County v. Nat'l Surety Co.*, 276 U.S. 238, 243-44 (1928).

In *Henkel v. Chicago, St. P., M. & O. Ry. Co.*, 284 U.S. 444 (1932), the United States Supreme Court explained its ruling in *People of Sioux County*.  The Court stated,

> The case of *People of Sioux County, Neb., v. National Surety Company* . . . was an action upon a surety bond. A Nebraska statute . . . provided that in specified classes of cases, including that before the court, the plaintiff on obtaining judgment should be allowed a reasonable sum as an attorney's fee. The requirement was mandatory. This court held that in such a case the attorney's fee was recoverable in the federal court, but was careful to point out that the amount was 'not costs in the ordinary sense' and hence was 'not within the field of costs legislation' covered by the federal statutes. In this view, the fact that the amount could not be taxed as costs in the federal courts did not preclude the recovery. 'Since the right exists,' said the court, 'the federal courts may follow their own appropriate procedure for its enforcement by including the amount of the fee in the judgment.'

*Henkel*, 284 U.S. at 447-48.  The Court distinguished *People of Sioux County* from those instances where a party sought to tax costs pursuant to a federal statute.  *Id*. at 448.

-4-

The ruling in *People of Sioux County* is inapplicable to the facts of this case.  The only statute cited by Alamo, § 92.231(2), Florida Statutes, directs a court to include in taxable costs a witness fee for any expert witness "who shall have testified in any cause . . . ."  Dr. Halperin did not testify in this case.  Thus, even if section 92.231 were applicable here, it would not support including Dr. Halperin's fee in the taxable costs.

Similarly, the other cases cited by Alamo do not persuade the Court that an expert fee is appropriate in this case.  In *Hyster Co. v. Stephens*, 560 So. 2d 1334, 1337 (Fla. 1st Dist. Ct. App. 1990), the court relied on Florida Rule of Civil Procedure 1.390(c), which allows an expert witness whose deposition is taken to receive a reasonable fee. There is no evidence that Dr. Halperin's deposition was taken in this case.

In *Orlando Regional Medical Center, Inc. v. Chmielewski*, 573 So. 2d 876, 883 (Fla. 5th Dist. Ct. App. 1990), the court stated that "expert witness fees may be awarded in the trial court's discretion, in complex cases when the preparation for testifying is lengthy and burdensome." The court cited *Travieso v. Travieso*, 474 So. 2d 1184 (Fla. 1985), as support for the trial court's ability to exercise discretion to award such fees. *Travieso* was based on section 93.231, Florida Statutes, which is inapplicable in this case, as discussed above.

Finally, and most importantly, the United States Court of Appeals for the Eleventh Circuit has expressly rejected the argument that a federal court may tax expert witness fees in a diversity case if the state law provides for an award of such fees. *See Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983).  Accordingly, Alamo is not entitled to recover Dr. Halperin's expert witness fees under § 1920.

2. <u>Radiographic Copies</u>.

Plaintiffs also object to Alamo's claim of $600.00 for radiographic copies.  They argue that these costs were not reasonably and necessarily incurred and are not allowed by statute.  Doc. 36-2 at 6.  Alamo does not respond specifically to this objection, but summarily states that all costs incurred in the case were reasonable and necessary.  Doc. 39 at 5.

Other courts that have addressed this issue have found that the statutory provision for "fees for exemplification and copies of papers" is broad enough to include duplication of x-rays in medical records.  *See Bellino v. Mineta*, No. 04 C 7686, 2007 WL 2317202, *3 (N.D. Ill. August 07, 2007); *Simmons v. O'Malley*, 235 F. Supp. 2d 442, 444 (D. Md. 2002).  Given Dupuis's claims for personal injuries, it was reasonable for Alamo to obtain her medical records, including copies of any radiographic films.   Therefore, the costs for radiographic copies were appropriately taxed.

3. <u>Deposition Transcripts</u>.

Plaintiffs argue that the because Alamo did not need their depositions to file for summary judgment, it was unreasonable to have the depositions transcribed prior to the Court's ruling on the motion.  It appears, therefore, that Plaintiffs do not object to the portion of the costs attributable to the court reporter's attendance fee ($180.00).  Doc. No. 36-2 at 16.  To the extent that Plaintiffs intend to also object to the taking of their depositions, the objection is unavailing. The Court had not ruled on the summary judgment motion as of August 27, 2007, which is the date on the court reporter's invoice, and discovery closed on August 31, 2007.  It was reasonable and necessary for Alamo to depose both Dupuis and Carra before the close of discovery.

"The burden is on the party seeking taxation of the deposition costs to show that the deposition was necessarily obtained." *Nat'l Bancard Corp. v. VISA, U.S.A., Inc.,* 112 F.R.D. 62, 66 (S.D. Fla. 1986). Alamo has offered no statement of the need to have the depositions transcribed, and at the time the transcripts were ordered no such need is apparent from the record.

Accordingly, I recommend that the Court reduce the fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case to $180.00, a reduction of $359.55.

## IV.   **RECOMMENDATION**.

For the foregoing reasons, I recommend that the Court **GRANT in part and DENY in part** Plaintiff's Motion . . .  Objecting to Defendant's Requested Costs (Doc. No. 37).  I further recommend that the Court award Alamo $1,564.49 in taxable costs.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 5, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1]  The taxable costs are computed as follows: total costs sought ($3,809.04) - compensation of court-appointed expert ($1,885.00) - portion of the fees of the court reporter other than the attendance fee ($359.55).